UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONAN NADO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN MUIR HEALTH, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-01632-AMO<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CASE CONTRIBUTION AWARD; JUDGMENT**<br><br>Re: Dkt. Nos. 57, 58 |

Before the Court are Plaintiff Conan Nado's motion for final approval of class action settlement and motion for attorney's fees and costs, administrative expenses, and case contribution award. The motions were heard before this Court on December 11, 2025. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court hereby GRANTS both motions for the following reasons.

**I.　BACKGROUND**

**A. Procedural History**

On March 15, 2024, Nado filed a putative class action complaint on behalf of himself and similarly situated participants and beneficiaries of the John Muir Health 403(b) Plan ("the Plan") against Defendants John Muir Health ("John Muir") and the Board of Directors of John Muir Health ("Board") (collectively, "Defendants"). Complaint (Dkt. No. 1) ("Compl."). Defendants are fiduciaries under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because they exercise discretionary authority or discretionary control over the Plan, which

they sponsor and provide to their employees. Compl. ¶ 1. Nado alleges that during the class period – March 15, 2018, through the date of judgment – Defendants breached the duties owed to the Plan and Plan participants by paying excessive recordkeeping and administrative service fees and misallocating Plan forfeitures. Nado asserts four causes of action: two claims for breach of fiduciary duty of prudence and two claims for breach of fiduciary duty of loyalty. Compl. ¶¶ 193-222. The parties reached a settlement prior to class certification with the assistance of a mediator, and they filed a motion for preliminary approval on November 15, 2024. Dkt. No. 45 at 7. The Court granted preliminary approval on June 20, 2025. Dkt. No. 56.

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, Defendants will pay $950,000 to a common settlement fund. Proposed Class Action Settlement Agreement ("Settlement") (Dkt. No. 47-1) § 1.25. This amount includes attorney's fees and costs, the cost of class notice and settlement administration, and the class representative's service award. *Id.*

#### i. Attorney's Fees and Costs

The Settlement provides that class counsel may request no more than one-quarter of the gross settlement amount – not to exceed $237,500 – and no more than $35,000 in litigation expenses. *Id.* §§ 1.5, 7.1. The Settlement also provides for a case contribution award for Nado of up to $5,000, at the Court's discretion. *Id.*

#### ii. Class Relief

After accounting for attorney's fees and costs, administrative expenses, independent fiduciary fees, and case contribution awards, the net settlement amount will be distributed to the approximately 20,000 eligible class members. Dkt. No. 57-1 at 9; Settlement §§ 5.2.1-5.2.6. For class members who have an account with a positive balance in the Plan as of the date class members' shares of the Settlement are calculated, the distribution will be made into their account in the Plan. Dkt. No. 57 at 9. Class members who no longer have an account in the Plan will be issued a check, unless their share is under ten dollars, in which case they will not receive any share of the fund. *Id.*; Dkt. No. 57-3 at 6. The Settlement also provides for non-monetary relief. Within two years of the settlement effective date, Defendants shall conduct a request for proposal for Plan

1  recordkeeping services. Settlement § 6.1. In exchange for the foregoing relief, approval of the
2  Settlement will release Defendants from all claims as described in the Settlement. *Id.* §§ 8.1-8.6.

### iii. Remainder

If class members who received a check do not timely cash the check, the Settlement provides that the unclaimed funds will revert back to the Plan to "defray administrative expenses and benefit class member Plan participants, along with the Plan as a whole." Dkt. No. 57-1 at 10.

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by Analytics Consulting, LLC. Dkt. No. 56 at 12. Analytics mailed notices of settlement to each of the 19,744 Settlement class members identified by the Plan's recordkeeper. *See* Settlement Administrator Decl. ¶ 6 (Dkt. No. 57-3) ("SA Decl."). If notices were returned, Analytics re-mailed the notice to any forwarding address that was provided and performed a skip trace to ascertain a valid address for the class member in the absence of a forwarding address. *Id.* ¶ 9. Out of 19,774 notices that were mailed, 781 (3.95 percent) were ultimately undeliverable. *Id.* ¶ 10.

Analytics also established a settlement website for class members wanting further information, JohnMuirERISA.com. *Id.* ¶ 11. The website contained the Settlement Agreement, settlement notice, the amended complaint, the Court's preliminary approval order, opt-out information, and contact information for class counsel, defense counsel, and Analytics. *Id.* Analytics also maintained a toll-free telephone support line for class members seeking additional information. *Id.* ¶ 12. Class members were given until November 26, 2025, to object to the Settlement. Notice (Dkt. No. 57-3 at 5). There are no objections to the Settlement.

## II. Final Approval of Settlement

### A. Legal Standard

In order to approve a proposed class action settlement, a court must hold a hearing and find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court does not need to assess whether the settlement is ideal or the best outcome, but rather whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027

(9th Cir. 1998).  "Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.* at 1026.  When parties settle prior to class certification, courts invoke "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)," *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012), which "ensure[s] that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent," *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

**B. Analysis**

**i. The Settlement Class Meets the Prerequisites for Certification**

The Court previously certified a class for settlement purposes in its order granting motion for preliminary approval of class action settlement.  Dkt. No. 56 at 6.  The Court hereby affirms the Settlement Class, defined as, "[a]ll persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO [qualified domestic relations order] who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the current and former members of the John Muir Health Retirement Committee during the Class Period."

**ii. Adequacy of Notice**

"The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) (quotations and citations omitted).  "Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed

4

settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law." *In re Apple Inc. Sec. Litig.*, No. 4:19-CV-02033-YGR, 2024 WL 4246282, at *3 (N.D. Cal. Sept. 18, 2024).

The Court previously found the proposed notice adequate "as it sufficiently informs class members of the terms of and their rights under the Settlement, how to object, how to receive payment, and details regarding the final approval hearing." Dkt. No. 56 at 11. The class administrator carried out the Court-approved notice by mailing notices to all 19,774 class members. SA Decl. ¶ 6. Despite the administrator's efforts to locate correct addresses via skip trace, 3.95 percent of notices were ultimately undeliverable. *Id.* ¶ 10. In light of the above, the Court concludes that the Settlement Class received adequate notice.

### iii. The Settlement is Fair and Reasonable

As the Court previously found in its order granting preliminary approval, the settlement is fair and reasonable and treats class members equitably. Dkt. No. 56 at 7-10. The Court received no objections to the settlement, indicating that the class members viewed the settlement positively. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 577 (9th Cir. 2004) (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

The Court noted in its order granting preliminary approval that it would assess whether the "kicker" or "reverter" clause (which allows for unclaimed funds from uncashed checks to revert to the Plan) was fair after full briefing in the motion for final approval. Where a settlement provides for a reversion of unclaimed funds, plaintiff should "provide an explanation why [that] is appropriate." *Dudum v. Carter's Retail, Inc.*, No. 14-CV-00988-HSG, 2015 WL 5185933, at *3 (N.D. Cal. Sept. 4, 2015). Here, Nado explains that reversion to the Plan is appropriate because

"practically speaking, the amount of the Settlement Fund that reverts due to uncashed checks is typically so small that dividing it pro rata among Class Members is not administratively feasible." Dkt. No. 57-1 at 10.

Finally, "[t]he Plan of Allocation, like the class settlement as a whole, must be fair, reasonable, and adequate." *Ramsey v. MRV Commc'ns Inc.*, 2010 WL 11596641, *7 (C.D. Cal. Nov. 16, 2010). "It is reasonable to allocate settlement funds to class members based on the extent of their injuries[.]" *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008). Here, the allocation plan is fair, reasonable, and adequate. The Settlement provides that the fund amount will be distributed among class members on a pro rata basis using the same formula to calculate payments for all class members – both current and former Plan participants. Dkt. No. 57-1 at 21; *see also De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2017 WL 2670699, at *9 (N.D. Cal. June 21, 2017) (finding a pro rata distribution plan did "not favor certain Class Members over others"); *Rubio-Delgado v. Aerotek*, Inc., 2015 WL 3623627, at *8 (N.D. Cal. June 10, 2015) ("Every class member will be treated equally, and have an equal opportunity to claim a pro rata share of the settlement fund."). Accordingly, the Court approves the allocation plan.

### iv. Objections

There are no objections to the Settlement.

### v. Certification is Granted and the Settlement is Approved

After full consideration of the required factors, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. The Court grants certification of the Settlement Class as defined in the Settlement Agreement.

### III. Motion for Attorney's Fees, Costs, and Class Representative Awards

#### A. Attorney's Fees

Attorney's fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th

6

Cir. 2003).

Courts analyze an attorney's fee request "based on either the 'lodestar' method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief." *In re Apple Inc. Sec. Litig.*, 2024 WL 4246282, at *5. The Ninth Circuit encourages courts to calculate attorney's fees under both methods in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944-45 (9th Cir. 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-1052 (9th Cir. 2002)). Therefore, the Court analyzes class counsel's requested attorney's fees under the percentage-of-recovery method and cross-checks with the lodestar method to ensure reasonableness.

When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel "'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015). "[I]n common fund cases, the 'benchmark' award is 25 percent of the recovery obtained[.]" *Vizcaino*, 290 F.3d at 1047. Courts should deviate from the benchmark when it would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Here, class counsel seeks attorney's fees of $237,500, or 25 percent of the gross settlement amount. Dkt. No. 58-1 at 12. The Court finds no reason to deviate from the benchmark.

"[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [ ] in the relevant community.'" *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). Here, class counsel estimates they will spend a total of about 190 hours

7

prosecuting this case.[1] Based on the reasonable hourly fees provided by counsel, the expected total lodestar will be $182,132. Dkt. No. 58-3. Given counsel's request of $237,500, the expected lodestar multiplier is 1.3. *Id.* The lodestar calculation confirms that the requested attorney's fees are reasonable. *See Vizcaino*, 290 F.3d at 1051 n. 6 (9th Cir. 2002) (noting that multiples ranging from one to four are often awarded in common fund cases). Furthermore, the lack of any objections to the fee request supports that class counsel's fee request is reasonable. *See Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) ("The presence or absence of objections from the class is also a factor in determining the proper fee award."). Based on the foregoing, the Court finds an attorney's fee award of $237,500 to be reasonable, fair, and adequate.

### B. Costs Award

Class counsel may recover reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h). Reasonable out-of-pocket litigation expenses are those that "would normally be charged to a fee paying client." *See Trs. of the Const. Indus. and Laborers Health and Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). Class counsel seeks reimbursement of $22,817.88 in litigation expenses.[2] These expenses include court fees, electronic research costs, process server fees, expert fees, mediation fees, postage and courier fees, print costs, conference call costs, and travel / lodging costs. Dkt. No. 58-1 at 16; Dkt. No. 58-2 ¶ 28. "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, No. SACV 06-350 DOC, 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012). "Courts also have discretion to reimburse consulting and expert witness fees." *Waldbuesser v. Northrop Grumman Corp.*, No. CV 06–6213–AB (JCX), 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017). The Court finds that the request of $22,817.88 is reasonable.

---

[1] As of the filing of the motion for attorney's fees, class counsel had spent almost 140 hours on this case. Dkt. No. 58-1 at 13.

[2] The Settlement Agreement allows class counsel to seek no more than $35,000 in litigation costs and expenses. Settlement § 1.5.

8

1    Class counsel additionally requests that the settlement administrator be paid $31,986.00 for
2    settlement administration and that the independent fiduciary, Gallagher Fiduciary Advisors, LLC,
3    be paid $15,000 for its review of the Settlement Agreement.[3]  The Court finds that both amounts
4    requested are reasonable.  *See, e.g., Nguyen v. Westlake Servs. Holding Co.*, No. 8:23-CV-00854-
5    FWS-ADS, 2025 WL 2087575, at *9 (C.D. Cal. Jan. 27, 2025) (approving $15,000 in independent
6    fiduciary costs to Gallagher Fiduciary Advisors in ERISA class action settlement).

### C. Incentive Award

Finally, Nado requests $5,000 as an incentive award for his participation in this litigation as named Plaintiff.  Incentive awards are discretionary and meant to compensate a class representative "for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).  District courts assess the reasonableness of a proposed incentive award by analyzing factors including, "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation."  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citations and quotations omitted).  "[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives."  *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

Here, Nado reviewed the allegations in the complaint, provided information and documents to counsel to assist in the prosecution of this case, reviewed the Settlement Agreement in its entirety, and communicated with counsel regarding negotiation of the Settlement.  Nado Decl. (Dkt. No. 48 ¶ 4).  Nado helped class counsel secure recovery for other members of the class through his assistance with this litigation.  Dkt. No. 58-1 at 19.  A $5,000 incentive award is considered a presumptively reasonable in this District.  *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022).  For this reason, and because of

---

[3] The independent fiduciary concluded that the Settlement Agreement is reasonable.  Dkt. No. 59-1.

9

1  Nado's work in securing the settlement award for other class members, the Court approves the
2  requested incentive award payment for Nado of $5,000.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for final approval of class settlement, as well as the motion for attorney's fees and costs, administrative expenses, and case contribution award.

This action and all released claims asserted therein, whether asserted by Nado on his own behalf or on behalf of the class members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the settling parties other than as provided for in the Settlement Agreement. Nado and each class member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of this order shall have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the released parties from all released claims, and (2) barred and enjoined from suing Defendants, the Plan, or the released parties in any action or proceeding alleging any of the released claims, even if any class member may thereafter discover facts in addition to or different from those which the class member or class counsel now know or believe to be true with respect to the action and the released claims; whether or not such class members received a monetary benefit from the Settlement; whether or not such class members actually received the settlement notice; whether or not such class members have filed an objection to the Settlement or to any application by class counsel for an award of attorney's fees and costs, administrative expenses, and case contribution award; and whether or not the objections or claims for distribution of such class members have been approved or allowed.

The Plan and each class member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns on behalf of the Plans shall be (1) conclusively deemed to have, and by operation of this order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the released parties from all released claims,

and (2) barred and enjoined from suing Defendants or the released parties in any action or proceeding alleging any of the released claims, even if any class member may thereafter discover facts in addition to or different from those which the class member or class counsel now know or believe to be true with respect to the class action and the released claims; whether or not such class members actually received the settlement notice; whether or not such class members received a monetary benefit from the Settlement; whether or not such class members have filed an objection to the Settlement or to any application by class counsel for an award of attorney's fees and costs, administrative expenses, and case contribution award; and whether or not the objections or claims for distribution of such class members have been approved or allowed.

Nado and each class member shall release Defendants, the released parties, defense counsel, the Plan, and class counsel, from any claims, liabilities, and attorney's fees and expenses arising from the allocation of the gross settlement amount or net settlement amount and from all tax liability and associated penalties and interest as well as related attorney's fees and expenses, even if any class member may thereafter discover facts in addition to or different from those which the class Member or class counsel now know or believe to be true with respect to the class action and the released claims; whether or not such class members actually received the settlement notice; whether or not such class members received a monetary benefit from the Settlement; whether or not such class members have filed an objection to the Settlement or to any application by class counsel for an award of attorney's fees and costs, administrative expenses, and case contribution award; and whether or not the objections or claims for distribution of such class members have been approved or allowed.

The settlement administrator shall have final authority to determine the share of the net settlement amount to be allocated to each class member pursuant to the plan of allocation approved by the Court.

With respect to any matters that arise concerning the implementation of distributions to class members who are current participants in the Plan (after allocation decisions have been made by the settlement administrator in its sole discretion pursuant to the plan of allocation), all questions not resolved by the Settlement Agreement shall be resolved by the plan administrator or

11

1 | other fiduciaries of the Plan in accordance with applicable law and the governing terms of the
2 | Plan.
3 |      Within twenty-one (21) calendar days following the issuance of all Settlement payments to
4 | class members as provided by the plan of allocation approved by the Court, the settlement
5 | administrator shall prepare and provide to class counsel and defense counsel a list of each person
6 | who received a Settlement payment or contribution from the qualified settlement fund and the
7 | amount of such payment or contribution.
8 |      Upon the entry of this order and the settlement effective date under the Settlement
9 | Agreement, all settling parties, the Settlement Class, and the Plan shall be bound by the Settlement
10 | Agreement and by this order.
11 |      Further, payment is **ORDERED** as follows:

- Attorney's fees to class counsel in the amount of $237,500 (25% of the $950,000 gross settlement amount);
- Reimbursement of $22,968.88 in litigation costs;
- $31,986.00 in settlement administration expenses;
- $15,000 for independent fiduciary fees; and
- Case contribution award in the amount of $5,000 for named Plaintiff, Nado.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the order granting preliminary approval of class action settlement filed on June 20, 2025, and this order. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Federal Rule of Civil Procedure 58.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than one year and one day from entry of this Order.

26 | / / /
27 | / / /
28 | / / /

1    This terminates docket numbers 57 and 58.

3    **IT IS SO ORDERED.**

4    Dated: January 12, 2026

_____
**A**RACELI **M**ARTÍNEZ**-O**LGUÍN
**United States District Judge**

13